1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10    TYRELL T. BROWN,

11              Plaintiff,                    No. CIV S-11-0930 WBS GGH P

12         vs.

13    PAULINO G. DURAN, et al.,

14              Defendants.              ORDER

15    _____/

16              Plaintiff is a state prisoner proceeding pro se who seeks relief pursuant to 42

17    U.S.C. § 1983.  Plaintiff was directed to submit an in forma pauperis affidavit or to pay the

18    required filing fee by an order, filed on April 22, 2011.  This proceeding was referred to this

19    court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

20              Plaintiff has submitted a declaration that makes the showing required by 28

21    U.S.C. § 1915(a).  Plaintiff subsequently sought an extension of time to file an in forma pauperis

22    application, which is denied as unnecessary due to the adequacy of his preceding showing.

23    Accordingly, the request to proceed in forma pauperis will be granted.

24              Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28

25    U.S.C. §§ 1914(a), 1915(b)(1).  Plaintiff has been without funds for six months and is currently

26    without funds.  Accordingly, the court will not assess an initial partial filing fee.  28 U.S.C.

1

1  § 1915(b)(1).  Plaintiff is obligated to make monthly payments of twenty percent of the preceding

2  month's income credited to plaintiff's prison trust account.  These payments shall be collected

3  and forwarded by the appropriate agency to the Clerk of the Court each time the amount in

4  plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

5         The court is required to screen complaints brought by prisoners seeking relief

6  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

7  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

8  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

9  granted, or that seek monetary relief from a defendant who is immune from such relief.  28

10  U.S.C. § 1915A(b)(1),(2).

11         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

12  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

13  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

14  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

15  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

16  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

17  Cir. 1989); Franklin, 745 F.2d at 1227.

18         A complaint must contain more than a "formulaic recitation of the elements of a

19  cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the

20  speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).

21  "The pleading must contain something more...than...a statement of facts that merely creates a

22  suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal

23  Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient

24  factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft

25  v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct.

26  1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the

2

1    court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

2    Id.

3              In reviewing a complaint under this standard, the court must accept as true the

4    allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

5    738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff,

6    and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct.

7    1843 (1969).

8              Plaintiff names as defendants the Sacramento County Public Defender, Paulino

9    Duran, and Assistant Public Defender Joseph M. Cress.  Complaint, pp. 1-3.  Plaintiff raises a

10   claim of professional negligence/legal malpractice.  Id., at 3-8.  A complaint against plaintiff was

11   filed in Sacramento Superior Court on July 27, 2001, alleging his possession and possession for

12   sale of cocaine base on or about July 25, 2001.  Id. at 3.  Plaintiff was arraigned on September 4,

13   2001, and pled not guilty; however, on December 20, 2001, plaintiff withdrew that plea and pled

14   guilty to one count and admitted a prison prior under an agreement that he would serve a term of

15   five years.  Id. at 3-4.  Although it is not clear, following an appeal, apparently the Third District

16   Court of Appeal reversed and remanded the case because the People had failed to file an

17   information, thus depriving the state of any jurisdiction to enter into a plea.  Id. at 5-6.  Plaintiff

18   alleges that under the state's penal code, failure to file an information as prescribed results in

19   dismissal and the only remedy lies in an appeal.  Id. at 7.  Thereafter, a new information was

20   evidently filed, but only because defendant Cress waived plaintiff's constitutional rights.  Id.  In

21   an accompanying motion for a preliminary injunction, which was vacated as premature,[1] plaintiff

22   indicates that he was sentenced to nine years on December 9, 2003, after having been found

23   guilty of possession of cocaine on November 9, 2003.  Motion, p. 4.

24   ////

25

26        [1]   See Order, filed on April 22, 2011.

1    By way of relief, plaintiff asks the court to enjoin defendants to petition the state

2  superior court to "recall" the duplicate case as time-barred and to inform the trial judge that the

3  court has imposed an illegal sentence.  Complaint, pp. 7-8.  Alternatively, plaintiff asks the court

4  to compel defendants to file a writ of habeas corpus in the state trial court to inform the court of

5  the unauthorized sentence, seeking correction of the record.  Id. at 8.  Plaintiff also seeks

6  compensatory, and punitive, damages.  Id.

7    Defendants are public defenders.  As to any public defender who may have

8  represented plaintiff in a criminal matter, plaintiff has failed to state a claim pursuant to 42

9  U.S.C. § 1983.  In order to state a claim under section 1983, a plaintiff must allege that: (1)

10  defendant was acting under color of state law at the time the act complained of was committed;

11  and (2) defendant's conduct deprived plaintiff of rights, privileges or immunities secured by the

12  Constitution or laws of the United States.   Parratt v. Taylor, 451 U.S. 527, 535, 101 S. Ct. 1908

13  (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327, 106 S. Ct. 662 (1986).

14  Public defenders do not act under color of state law for purposes of § 1983.  Polk County v.

15  Dodson, 454 U.S. 312, 325, 102 S. Ct. 445 (1981).

16    Although plaintiff purports not to be seeking to challenge the duration of his

17  sentence and only to be providing information that counsel's performance constituted

18  malpractice, even ineffective assistance of counsel, at least in part, the relief he seeks directly

19  implicates his conviction and the sentence he received.  See Motion, p. 7.  He is also seeking

20  money damages.

21    Federal law opens two main avenues to relief on complaints related
         to imprisonment: a petition for habeas corpus, 28 U.S.C.  2254,
22       and a complaint under the Civil Rights Act of 1871, Rev. Stat.
         1979, as amended, 42 U.S.C.  1983.  Challenges to the validity of
23       any confinement or to particulars affecting its duration are the
         province of habeas corpus, Preiser v. Rodriguez, 411 U.S. 475,
24       500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); requests for relief
         turning on circumstances of confinement may be presented in a §
25       1983 action. Some cases are hybrids, with a prisoner seeking relief
         unavailable in habeas, notably damages, but on allegations that not
26       only support a claim for recompense, but imply the invalidity either

4

1
2
3
4
5

of an underlying conviction or of a particular ground for denying
release short of serving the maximum term of confinement. In
Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d
383 (1994), we held that where success in a prisoner's §1983
damages action would implicitly question the validity of conviction
or duration of sentence, the litigant must first achieve favorable
termination of his available state, or federal habeas, opportunities
to challenge the underlying conviction or sentence.

6   Muhammad v. Close, 540 U.S.749, 750-751, 124 S.Ct. 1303, 1304 (2004) (per curiam).

7          In this case, plaintiff fails to frame any claim under § 1983 in the first instance,

8   but, assuming that plaintiff may wish to proceed on a legal malpractice tort claim in state court,

9   he might first seek, inter alia, to pursue a claim of ineffective assistance of counsel in federal

10  court pursuant to 28 U.S.C. § 2254, assuming exhaustion of state court remedies,[2] although on

11  the face of it such a petition would appear to be time-barred.[3]  As to a state legal malpractice

12  claim, "[t]he remedy is in tort, and it is based on the standard of care the attorney owes the

13  client..." Aragon v. Federated Dept. Stores, Inc., 750 F.2d 1447, 1457 (9th Cir. 1985).  However,

14  in California, a criminal defendant may not sue his defense attorney for malpractice unless he is

15  actually innocent of the crime(s). Wiley v. County of San Diego 19 Cal.4th 532, 536 (1998).  To

16  show actual innocence, a criminal defendant must allege and prove that his conviction has been

17  reversed on appeal or through post-conviction relief, or he has otherwise been exonerated. Coscia

18  v. McKenna & Cuneo 25 Cal.4th 1194, 1201 (2001).

19

20
21
22
23

[2]  The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ
of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must be waived
explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).  A waiver of exhaustion, thus, may not
be implied or inferred.  A petitioner satisfies the exhaustion requirement by providing the highest
state court with a full and fair opportunity to consider all claims before presenting them to the federal
court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th
Cir.), cert. denied, 478 U.S. 1021 (1986).

24
25
26

[3]  The habeas corpus statute imposes a one year statute of limitations for filing non-capital
habeas corpus petitions in federal court.  In most cases, the one year period will start to run on the
date on which the state court judgment became final by the conclusion of direct review or the
expiration of time for seeking direct review, although the statute of limitations is tolled while a
properly filed application for state post-conviction or other collateral review is pending.  28 U.S.C.
§ 2244(d).

1    This court finds that plaintiff has failed to state a claim under § 1983 because the

2  only named defendants were not acting under color of state law.  Although the court cannot

3  discern how plaintiff might cure the defects of this complaint, plaintiff will be granted leave to

4  amend.  If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

5  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

6  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

7  how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

8  there is some affirmative link or connection between a defendant's actions and the claimed

9  deprivation.  Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d

10  164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore,

11  vague and conclusory allegations of official participation in civil rights violations are not

12  sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

13    In addition, plaintiff is informed that the court cannot refer to a prior pleading in

14  order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

15  complaint be complete in itself without reference to any prior pleading.  This is because, as a

16  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

17  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

18  longer serves any function in the case.  Therefore, in an amended complaint, as in an original

19  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

20    In accordance with the above, IT IS HEREBY ORDERED that:

21    1.  Plaintiff's request for an extension of time to file an in forma pauperis

22  application, filed on May 18, 2011 (docket # 7), is unnecessary and is denied and plaintiff's

23  request for leave to proceed in forma pauperis, filed on April 27, 2011 (docket # 6), is granted;

24    2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

25  The fee shall be collected and paid in accordance with this court's order to the Director of the

26  California Department of Corrections and Rehabilitation filed concurrently herewith.

1        3.  The complaint is dismissed for the reasons discussed above, with leave to file

2  an amended complaint within twenty-eight days from the date of service of this order.  Failure to

3  file an amended complaint will result in a recommendation that the action be dismissed.

4  DATED: June 10, 2011               /s/ Gregory G. Hollows

5                                        UNITED STATES MAGISTRATE JUDGE

6

7  brow0930.bnf

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26