1

2

3

4

5

6

7

8                      IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   TYRELL T. BROWN,

11              Plaintiff,                No. CIV S-11-0930 WBS GGH P

12        vs.

13   PAULINO G. DURAN, et al.,            ORDER &

14              Defendants.               FINDINGS AND RECOMMENDATIONS

15   _____/

16              Plaintiff is a state prisoner proceeding pro se who seeks relief pursuant to 42

17   U.S.C. § 1983.  By Order filed on June 13, 2011, plaintiff's complaint was dismissed with leave

18   to amend.  On June 23, 2011, plaintiff filed a first amended complaint.  Thereafter, plaintiff filed

19   a second amended complaint on July 5, 2011.  The court will strike the first amended complaint

20   and proceed to screen the superseding second amended complaint.

21              As plaintiff was previously informed, the court is required to screen complaints

22   brought by prisoners seeking relief against a governmental entity or officer or employee of a

23   governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion

24   thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state

25   a claim upon which relief may be granted, or that seek monetary relief from a defendant who is

26   immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

1

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843 (1969).

Plaintiff alleges the Sacramento County Public Defender's Office violated his Fourteenth Amendment right to equal protection, his Fifth Amendment right to due process and is liable for legal malpractice/professional negligence. Second Amended Complaint (SAC), p. 2.

He once again names as defendants the Sacramento County Public Defender, Paulino Duran, and Deputy Public Defender Joseph M. Cress.[1] SAC, pp. 1-8, 41-46.[2] The gravamen of plaintiff's claim appears to be that the defendants were responsible for an "illegal" consolidation of his case with a duplicate complaint, when, on appeal, his conviction on a plea he had made was reversed by the state appellate court because the trial court lacked jurisdiction to enter the plea in light of the prosecutor's having failed to file an information. See SAC, & Exhibits B & C. Thereafter, plaintiff was found guilty of possession for sale of rock cocaine and, on December 9, 2003, was sentenced to a state prison term of nine years. SAC, Ex. C, p. 42. A coherent, chronological factual predicate for his claim is absent within the body of the second amended complaint. Plaintiff seeks both money damages and unspecified injunctive relief. Id., at 1-2.

Plaintiff was informed in the prior order (docket # 9, p. 4) with respect to defendant public defenders who may have represented plaintiff in a criminal matter, plaintiff has failed to state a claim pursuant to 42 U.S.C. § 1983. In order to state a claim under section 1983, a plaintiff must allege that: (1) defendant was acting under color of state law at the time the act complained of was committed; and (2) defendant's conduct deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535, 101 S. Ct. 1908 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327, 106 S. Ct. 662 (1986). Public defenders do not act under color of state law for purposes of § 1983. Polk County v. Dodson, 454 U.S. 312, 325, 102 S. Ct. 445 (1981).

Plaintiff seeks to counter the principle that public defenders do not act under color of state law under § 1983 by citation to Tower v. Glover, 467 U.S. 914, 104 S.Ct. 28 (1984).

---

[1] Confusingly, plaintiff states at one point that he is suing defendants Duran and Cress, each in an official and individual capacity (SAC, pp. 2-3), and in another place that he is suing defendant Duran only in an official capacity (SAC, p. 7).

[2] Because plaintiff provides so little of the factual predicate of his claim within the body of the second amended complaint, the court has referenced plaintiff's objections to the dismissal order and his memorandum in support of an injunction, appended as Exhibit C to his second amended complaint.

1   SAC, p. 4.   In Tower v. Glover, at 920, 104 S. Ct. at 2824, the Supreme Court noted the holding

2   of Polk County v. Dodson, supra, "that appointed counsel in a state criminal prosecution, though

3   paid and ultimately supervised by the State, does not act 'under color of' state law in the normal

4   course of conducting the defense."   However, the high court went on to cite the holding of

5   Dennis v. Sparks, 449 U.S. 24, 27-28, 101 S. Ct. 183, 186 (1980), "that an otherwise private

6   person acts 'under color of' state law when engaged in a conspiracy with state officials to deprive

7   another of federal rights."   Tower, at 920, 104 S. Ct. at 2824.   Plaintiff's vague allegation that a

8   state court judge he names "either conspired with my public defender or conspired to cover up

9   his actions...." (SAC, p. 6), however, simply does not make a colorable showing of the requisite

10   conspiracy that would serve to transmute the defendants into state actors who may be sued under

11   § 1983.   Vague and conclusory allegations are not sufficient to support a claim for civil rights

12   violations based on conspiracy.   Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982); see

13   also Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992).   Plaintiff must make some showing of

14   an agreement or a meeting of the minds on the part of the defendant public defenders to violate

15   his constitutional rights.   Woodrum v. Woodward County, 866 F.2d 1121, 1126 (9th Cir. 1989),

16   citing Fonda v. Gray, 707 F.2d 435 (9th Cir. 1983).   Conspiracy allegations must be supported by

17   material facts and not be merely conclusory statements.   Lockary v. Kayfetz, 587 F. Supp. 631

18   (N. D. Cal. 1984).   Plaintiff's claims under § 1983 must be dismissed.[3]

19          Plaintiff also makes state law legal malpractice claims.

20          The Supreme Court recently held that dismissal of federal claims
       does not automatically deprive district courts of subject matter
21       jurisdiction over any supplemental claims.   Carlsbad Tech., Inc. v.
       HIF Bio, Inc., —— U.S. ——, ——, 129 S.Ct. 1862, 1866, 173
22       L.Ed.2d 843 (2009).   Rather, the district court retains discretion
       whether to exercise supplemental jurisdiction over state law claims

23

24          [3]   Moreover, although the statute of limitations is an affirmative defense which ground for
       dismissal this court does not invoke, it does not escape the notice of the undersigned that this action
25   appears on the face of it to be untimely by a number of years, the cause of action having evidently
       accrued in 2003.

26

4

even after all federal claims are dismissed.  28 U.S.C.
§1367(c)(3)("The district courts may decline to exercise
supplemental jurisdiction over a claim ... if ... the district court has
dismissed all claims over which it has original jurisdiction.").
Where a district court "dismiss[es] every claim over which it had
original jurisdiction," it retains "pure[ ] discretion[ ]" in deciding
whether to exercise supplemental jurisdiction over the remaining
claims. Carlsbad Tech ., 129 S.Ct. at 1866.

Lacey v. Maricopa County, ___ F.3d___, 2011 WL 2276198 *14 (9th Cir. June 9, 2011).

          Retaining jurisdiction in this instance over plaintiff's state tort law supplemental claim of legal malpractice/professional negligence does not save the action.  It has long been established that state law would apply to such claims in a federal court.  United Mine Workers of America v. Gibbs, 383 U.S. 715, 726, 86 S. Ct. 1130, 1139 (1966)(federal court "bound to apply state law" to pendent state law claims).  However, in order to pursue a legal malpractice claim in California, the state Supreme Court has held that the actual innocence of the former client "of the underlying criminal charges is a necessary element of the malpractice cause of action."  Coscia v. McKenna & Cuneo, 25 Cal.4th 1194, 1197, 108 Cal. Rptr.2d 471 (Cal. 2001), citing Wiley v. County of San Diego, 19 Cal.4th 532, 79 Cal. Rptr.2d 672 (Cal. 1998).[4]  Thus,

          a plaintiff must obtain postconviction relief in the form of a final
          disposition of the underlying criminal case—for example, by
          acquittal after retrial, reversal on appeal with directions to dismiss
          the charges, reversal followed by the People's refusal to continue
          the prosecution, or a grant of habeas corpus relief—as a
          prerequisite to proving actual innocence in a malpractice action
          against former criminal defense counsel.[]

Coscia v. McKenna & Cuneo, 25 Cal.4th at 1205.  Plaintiff makes no representation that he is actually innocent of the crime for which he is now serving a sentence and makes no showing whatever that he has obtained post-conviction relief in that regard, notwithstanding that he evidently obtained a dismissal from a state appellate court on a guilty plea based on lack of

---

          [4] "[W]e hold that in a criminal malpractice action actual innocence is a necessary element of the plaintiff's cause of action."  Wiley v. County of San Diego, 19 Cal.4th at 545, 79 Cal. Rptr.2d at 680.

1    jurisdiction prior to his current conviction.  Therefore, this claim must be dismissed as well.

2           Although the court noted in its prior order that it could not discern how plaintiff

3    might remedy the defects of the original complaint (docket # 9, p. 6), plaintiff was nevertheless

4    liberally accorded leave to amend.  In light of plaintiff's failure to cure the defects of his

5    complaint in the second amended complaint, no further leave should be granted.  "Under Ninth

6    Circuit case law, district courts are only required to grant leave to amend if a complaint can

7    possibly be saved.  Courts are not required to grant leave to amend if a complaint lacks merit

8    entirely." Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000).  See also, Smith v. Pacific

9    Properties and Development Corp., 358 F.3d 1097, 1106 (9th Cir. 2004), citing Doe v. United

10   States, 58 F.3d 494, 497(9th Cir.1995) ("a district court should grant leave to amend even if no

11   request to amend the pleading was made, unless it determines that the pleading could not be

12   cured by the allegation of other facts."). "[A] district court retains its discretion over the terms of

13   a dismissal for failure to state a claim, including whether to make the dismissal with or without

14   leave to amend." Lopez v. Smith, 203 F.3d at 1124.  "The district court's discretion to deny

15   leave to amend is particularly broad where plaintiff has previously amended the complaint."

16   Metzler Inv. GMBH v. Corinthian Colleges, Inc. 540 F.3d 1049, 1072 (9th Cir. 2008), quoting

17   In re Read-Rite Corp., 335 F.3d 843, 845 (9th Cir. 2003).

18          Accordingly, IT IS HEREBY ORDERED that:

19          1. In light of the filing of the superseding second amended complaint, plaintiff's

20   first amended complaint is stricken.

21          IT IS HEREBY RECOMMENDED that the second amended complaint be

22   dismissed without further leave to amend and this case be closed.

23          These findings and recommendations are submitted to the United States District

24   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

25   days after being served with these findings and recommendations, plaintiff may file written

26   objections with the court.  Such a document should be captioned "Objections to Magistrate

6

1   Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections

2   within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v.</u>

3   <u>Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

4   DATED: September 12, 2011

5                                           /s/ Gregory G. Hollows
                                    UNITED STATES MAGISTRATE JUDGE

6

7

8   GGH:009
    brow0930.ofr

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26